The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIGEO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUDIBLE, INC., a Delaware corporation,<br><br>Defendant. | CASE No. C05-00464-JLR<br><br>**AUDIBLE, INC.'S MOTION FOR SUMMARY JUDGMENT AND, ALTERNATIVELY, FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12**<br><br>**NOTE ON MOTION CALENDAR: JUNE 16, 2006**<br><br>**ORAL ARGUMENT REQUESTED** |

AUDIBLE, INC.'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL
C05-00464-JLR

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1
II. RELEVANT BACKGROUND FACTS ...................................................................... 3
    A. There Are Four Named Inventors On The Patent At Issue In This Action ........ 3
    B. Forged And Faked Documents Were Filed With The Patent Office To Obtain Issuance And Apparent Ownership Of The '823 Patent ........................ 4
    C. The Assignments Of Edward Chang's Interest To Microtome, Inc. Were Also Based On Falsifications .............................................................................. 6
III. ARGUMENT .................................................................................................................. 8
    A. The License To Audible Is An Absolute Defense To The Claim Of Infringement ........................................................................................................... 8
    B. Even Without The License, Digeo's Action Must Be Dismissed With Prejudice Because Digeo's Lack Of Standing Deprives This Court Of Subject Matter Jurisdiction ................................................................................... 9
        1. Plaintiff Digeo Lacks Standing To Assert The Patent In This Action Because The Standing Requirement In The Patent Infringement Context Requires That All Owners Assert The Patent .................................................................................................... 10
    C. This Lawsuit Is Exceptional & Audible Should Be Awarded Attorney Fees And Costs ..................................................................................................... 12
IV. CONCLUSION ............................................................................................................ 15

AUDIBLE, INC.'S MOTION FOR SUMMARY  
JUDGMENT AND DISMISSAL - i  
C05-00464-JLR

DLA Piper Rudnick Gray Cary US LLP  
701 Fifth Avenue, Suite 7000  
Seattle, WA 98104 ∗ Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aptix Corp. v Quickturn Design Sys., Inc.*,
    269 F.3d 1369 (Fed. Cir. 2001) ............................................................................... 14

*Beech Aircarft Corp. v. EDO Corp.*,
    990 F.2d 1237 (Fed. Cir. 1993) ............................................................................... 14

*Carborundum Co. v. Molten Metal Equip. Innovations*,
    72 F.3d 872 (Fed. Cir. 1995) ..................................................................................... 9

*Cent. Delta Water Agency v. United States*,
    306 F.3d 938 (9th Cir. 2002) ................................................................................... 10

*Crown Die & Tool Co. v. Nye Tool & Machine Works*,
    261 U.S. 24 (1923) .................................................................................................. 12

*Ethicon, Inc. v. Unites States Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) ................................................................................. 8

*Evident Corp. v. Church & Dwight Co.*,
    399 F.3d 1310 (Fed. Cir. 2005) ............................................................................... 12

*Gayler v. Wilder*,
    51 U.S. 477 (1851) .................................................................................................. 10

*In re Cajun Elec. Power Coop., Inc.*,
    230 B.R. 715 (Bankr. M.D. La. 1999) ..................................................................... 11

*Indep. Wireless Tel. Co. v. Radio Corp.*,
    269 U.S. 459 (1926) ................................................................................................ 10

*J.P. Stevens Co. v. Lex Tex Ltd.*,
    822 F.2d 1047 (Fed. Cir. 1987) ............................................................................... 12

*Keystone Driller Co. v. Gen. Excavator*,
    290 U.S. 240 (1933) ................................................................................................ 14

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 10

*Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*,
    361 F.Supp.2d 1244 (E.D. Wash. 2004) ............................................................. 9, 10

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
    182 F.3d 1356 (Fed. Cir. 1999) ............................................................................... 14

AUDIBLE, INC.'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL - ii
C05-00464-JLR

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Quiedan Co. v. Cent. Valley Builder's Supply Co.*,
　32 U.S.P.Q.2d 1847 (Fed. Cir. 1994) ..................................................................11

*Rawlings v. Nat'l Molasses Co.*,
　394 F.2d 645 (9th Cir. 1968) ..............................................................................10

*Rite-Hite Corp. v. Kelley Co.*,
　56 F.3d 1538 (Fed. Cir. 1995) ............................................................................10

*SGS-Thomson Microelectronics v. Int'l Rectifier Corp.*,
　29 U.S.P.Q.2d 1641 (C.D. Cal. 1993) ................................................................14

*Schering Corp. v. Roussel-UCLAF SA*,
　104 F.3d 341 (Fed. Cir. 1997) ..............................................................................9

*Sidewinder Marine, Inc. v. Nescher*,
　440 F.Supp. 680 (N.D. Cal. 1976) ......................................................................10

*United States v. Nye County*,
　178 F.3d 1080 (9th Cir. 1999) ..............................................................................9

*Viam Corp. v. Iowa Export-Import Trading Co.*,
　35 U.S.P.Q.2d 1505 (C.D. Cal. 1995) ................................................................10

*Viam Corp. v. Iowa Export-Import Trading Co.*,
　84 F.3d 424 (Fed. Cir. 1996) ..............................................................................10

*Waterman v. MacKenzie*,
　138 U.S. 252 (1891) ...........................................................................................10

**STATUTES**

11 U.S.C. § 363(b)......................................................................................................11

11 U.S.C. § 541 ..........................................................................................................11

35 U.S.C. § 262 ............................................................................................................8

35 U.S.C. § 285 ..................................................................................................*passim*

FED. R. CIV. P. 11 .......................................................................................................13

FED. R. CIV. P. 12...................................................................................................2, 9

FED. R. CIV. P. 56(C) ...................................................................................................8

AUDIBLE, INC.'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL - iii
C05-00464-JLR

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

## I. INTRODUCTION

Defendant Audible, Inc. ("Audible") moves for summary judgment against Plaintiff Digeo, Inc. ("Digeo") and, alternatively, to dismiss Digeo's Complaint for Patent Infringement and Jury Demand (dct. # 1) (the "Complaint") with prejudice. Digeo's suit against Audible for infringement of United States Patent No. 5,734,823 (the "'823 Patent") is fatally defective on two separate grounds.

First, Audible holds a license to use the invention that is the subject of the '823 Patent, which license was conveyed to Audible directly from inventor Edward Chang. *See* Ex. A to the Declaration of Kristine Boylan ("Boylan Dec."). The license, which is a complete defense to a charge of infringement, is complete, irrevocable, and retroactive to the date of the '823 Patent's issuance in 1998. Thus, Audible respectfully moves for summary judgment against Digeo on the grounds that it is licensed to use the invention.

Second, even if Audible did not hold the license, Digeo's action could not proceed. Evidence adduced in discovery shows that Digeo lacks standing to bring this action. Therefore, this Court lacks subject matter jurisdiction. There is no way that Digeo can satisfy fundamental standing requirements to proceed with this action. The fatal flaw in Digeo's claims is the existence of a fraud perpetrated by those controlling Microtome, Inc. (later renamed IPDN) – the corporate creation of Michael Saigh, one of the named inventors on the '823 Patent and the 90% shareholder in Microtome. (Mr. Saigh realized nearly one million dollars from the sale in bankruptcy of the '823 patent and repeatedly tried to secure its sale before bankruptcy.)

Specifically, as part of his efforts to apply for the '823 Patent, Mr. Saigh sought assignments from co-inventors Edward Chang and Hsiao-Shih Chang (informally known as Oliver Chang). When Edward informed Mr. Saigh that he did not want to proceed with the patent application, Mr. Saigh caused documents to be filed with the U.S. Patent and Trademark Office, on behalf of Microtome, himself, and co-inventor Douglas Brockhouse, that falsely represented that Edward was dead. Mr. Saigh, or someone acting for Microtome, then

AUDIBLE, INC.'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL - 1
C05-00464-JLR

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 * Tel: 206.839.4800

repeatedly forged the signature of Hsiao-Shih Chang and filed fake documents with the United States Patent and Trademark Office in 1996. Even the signature of a notary purporting to attest to the authenticity of Hsiao-Shih Chang's signature was forged. Mr. Saigh and Mr. Brockhouse, the two other inventors, eventually realized more than a million dollars by reason of these deceptions when Digeo bought the ill-gotten '823 Patent through bankruptcy in 2002.

Digeo now stands in the shoes of the only inventors from which it obtained title to the '823 Patent: Mr. Brockhouse and Mr. Saigh. It purchased the '823 Patent without warranty, on an "as-is" basis. Thus, it neither acquired the entire right, title, or interest in the '823 patent, nor did it ensure that the other inventors would not extend licenses to third parties (one now has, to Audible). Having failed to acquire the entire interest in the '823 Patent, Digeo lacks standing to bring this infringement action and, therefore, this Court lacks subject matter jurisdiction over this lawsuit. Accordingly, Audible moves to dismiss the Complaint with prejudice under FED. R. CIV. P. 12(h)(3).

Further, the evidence showing Digeo's direct frauds and misrepresentations, or showing at the least Digeo's deliberately turning a blind eye to the dispositive frauds and misrepresentations, establishes that this matter qualifies as an exceptional case under 35 U.S.C § 285, warranting an award of fees and costs to Audible. Digeo is a sophisticated intellectual property owner and has used this purloined property to terrorize an industry. It was not until Audible took a stand against continued enforcement of the '823 Patent that the truth has come to light. Audible submits that the fraud and deception practiced by Digeo, coupled with its attempted vigorous enforcement of the '823 patent, warrant an award of attorney fees and costs. In the alternative, Audible requests that this Court set a schedule to proceed with respect to Audible's claim for fees and costs under 35 U.S.C. § 285.

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 2

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

## II. RELEVANT BACKGROUND FACTS

### A. There Are Four Named Inventors On The Patent At Issue In This Action.

The subject matter of the '823 Patent, as interpreted by this Court, has three fundamental components (a central computer, a local unit, and a storage media) and is capable of encryption. In 1986 or 1987, Mr. Saigh began work on creating a device called the video pocket reader ("VPR"). *See* Boylan Dec., Ex. B (excerpts of the February 8, 2006 Deposition of Michael Saigh ("Saigh Dep.")) at 9-10. Mr. Saigh spent a significant amount of time and resources trying to market the VPR. Saigh Dep. at 12-15. His sales efforts were continuous during the late 1980s and into the 1990s. Saigh Dep. at 15-17. He worked to secure the cooperation of publishers, bookstores, and other key members of the college textbook market. Saigh Dep. at 68. As he learned about his potential clients' interests and concerns with the system, he realized that he needed a network to support the system, and needed to add the element of encryption to make the product a success. He solicited assistance from Edward Chang, who had the technical knowledge and expertise to create the network and encryption feature. Saigh Dep. at 101-103. Mr. Brockhouse and Edward Chang testified that Edward, as well as Oliver Chang, made significant contributions to the disclosure of the network and encryption in the 8/367,056 Continuation-In-Part application (the "'056 Application"), which was filed in 1994 and ultimately issued as the '823 Patent. *See* Boylan Dec., Ex. C (excerpts of the May 17, 2006 Deposition of Douglas Brockhouse ("Brockhouse Dep.")) at 8-9; Boylan Dec., Ex. G (excerpts of the May 19, 2006 Deposition of Edward Chang ("Chang Dep.")) at 9-11.

The '056 Application introduced the features and concepts reflective of the inventive efforts of Edward Chang and his brother Hsiao-Shih Chang. The application listed as named inventors Michael M. Saigh, Douglas B. Brockhouse, Edward H. Chang, and Hsiao-Shih Chang. They each signed a Power of Attorney and Verified Statement Claiming Small Entity Status in February 1995. Boylan Dec., Ex. D. The resulting patent, the '823 Patent, therefore

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 3

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

designates them as co-inventors:

**United States Patent** [19]

Saigh et al.

[54] SYSTEMS AND APPARATUS FOR ELECTRONIC COMMUNICATION AND STORAGE OF INFORMATION

[75] Inventors: **Michael M. Saigh**, St. Louis, Mo.; **Edward H. Chang**, Huntington Beach, Calif.; **Douglas B. Brockhouse**, Kirkwood, Mo.; **Hsiao-Shih Chang**, Orange County, Calif.

Boylan Dec., Ex. D.

Prosecution of the '823 Patent lasted several years and many amendments were made to overcome rejections interposed by the Examiner.

### B. Forged And Faked Documents Were Filed With The Patent Office To Obtain Issuance And Apparent Ownership Of The '823 Patent.

In order to keep the prosecution alive, in 1996 Microtome and Mr. Saigh falsely reported to the United States Patent and Trademark Office that Edward Chang was dead. In a July 25, 1996 submission to the Patent Office, a Power of Attorney for the File Wrapper Continuation Application and the accompanying Transmittal designated patent lawyer John Beulick to prosecute the patent. The Power of Attorney, filed by Microtome and Michael Saigh, fraudulently asserts that Edward Chang was deceased and that Oliver Chang was the Executor for Edward Chang:

POWER OF ATTORNEY BY ADMINISTRATOR(TRIX), EXECUTOR(TRIX) OR LEGAL REPRESENTATIVE(S)

1. I/We, _Oliver Chang_
(type or print name(s) of administrator(trix), executor(trix) legal representative, or all heirs)

as:

(check applicable item)

☐ administrator(trix)
☒ executor(trix)
☐ legal representative(s)

of the

☒ deceased
☐ incapacitated

inventor _Edward Chang_
(type or print name of deceased or incapacitated inventor)

hereby appoints the following attorney(s) and/or agent(s) to prosecute and transact all business in the Patent and Trademark Office connected therewith.

(list name(s) and registration number(s))

John S. Beulick, Reg. No. 33,338

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 4

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

*(check the following item, if applicable)*

☐ Attached as part of this power of attorney is the authorization of the above-named attorney(s) to accept and follow instructions from my representative(s).

SEND CORRESPONDENCE TO:
John S. Beulick
Armstrong, Teasdale, Schlafly & Davis
One Metropolitan Square; Suite 2600
St. Louis, Missouri 63102-2740

DIRECT TELEPHONE CALLS TO:
John J. Beulick
(314) 621-5070

2. I/We hereby revoke all powers of attorney previously given.

3. Proof of my/our authority to act on behalf of the deceased inventor is submitted herewith.

_Alice Chang_
Signature of administrator(trix), executor(trix) or legal representative(s)

No 1 Tsao Ti Wei, Kung Shan Village
Post Office Address

Seng Keng Hsiang Taipe, Taiwan

*(add signature and post office address for any additional legal representative)*

Attorney's Docket No. 12550-00001

ADDED PAGE FOR INVENTOR'S DATA FOR FWC FILING

| 4. FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
|---|---|---|---|
| | Chang | Edward | |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| | (deceased) | | |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |

Boylan Dec., Ex. E.

These representations were fraudulent because:

1. Edward Chang was not deceased, nor was there cause to believe he was deceased;

2. Hsiao-Shih Chang was never appointed to handle Edward Chang's affairs; and

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 5

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

3. Hsiao-Shih Chang never signed any document, including the Power of Attorney, where the name "Oliver Chang" appears.

Declaration of Hsiao-Shih Chang ("H. Chang Dec."); Chang Dep. at 6. Edward Chang is alive today and never took action to create the impression in others that he was deceased at any time. Chang Dep. at 6. He currently maintains a residence at 1600 Taft Avenue, Apartment 411, in Los Angeles, California 90028-3037. Tong Wu Declaration ("Wu Dec.") at ¶ 3.

Edward Chang's death was falsified because Edward refused to cooperate in continuing the attempt to obtain issuance of a patent. Wu Dec. at ¶ 4. Edward refused to take any action in furtherance of the application because he disagreed with the attempt to procure an obstacle to market entry. *Id.*

**C. The Assignments Of Edward Chang's Interest To Microtome, Inc. Were Also Based On Falsifications.**

At approximately that same time, Microtome and Mr. Saigh needed to deal with Edward and Hsiao-Shih's interest in the '056 Application. By again using forged signatures and a fake document, a fraudulent Assignment was prepared and recorded with the United States Patent Office. Boylan Dec., Ex. H. The fraudulent Assignment purported to transfer Edward and Hsiao-Shih's interests in the '056 Application to Microtome, Inc., the corporate entity created by Messrs. Saigh and Brockhouse to succeed Mr. Saigh's first related venture, VPR Systems, Inc. Saigh Dep. at 81-83. The fraudulent signature of "Oliver Chang" again appears as Executor for Edward Chang. Boylan Dec., Ex. H.

As was true with the Power of Attorney filed July 25, 1996, Hsiao-Shih Chang never signed where the name "Oliver Chang" appears. H. Chang Dec. at ¶¶10, 11. "Oliver" is an informal name, which Hsiao-Shih Chang did not use on legal documents, as evidenced by the authentic and proper signature of Hsiao-Shih Chang appearing on the original Declaration submitted in support of the '056 Application. Boylan Dec., Ex. D.

The fraud even extended to the Notary Public's attestation to the forged signature of "Oliver Chang." Hsiao-Shih Chang could not have appeared before a Notary for execution of a

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 6

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

document he never signed.  Moreover, the Notary Public whose signature and seal appear on the Assignment as attesting to the authenticity of the "Oliver Chang" signature has examined the signature page and declared that the notary's signature is not genuine – she would not have signed the document as it appears.  *See* Declaration of El-Vera A Biedenstein ("Biedenstein Dec.") at ¶5.

The Assignment purporting to transfer Edward and Hsiao-Shih's interests in the '056 Application and any resulting patent was fraudulent and invalid.  As a result, Edward and Hsiao-Shih's interests in the '823 patent were never transferred to Microtome.  Thus, their interests could not have been transferred through bankruptcy to Digeo.

Mr. Saigh eventually had Microtome's alter ego, IPDN Corporation, file for bankruptcy in 2002.  Through the bankruptcy, IPDN sold and assigned all of its interest in the '823 Patent to Digeo for $4.1 million.  Boylan Dec., Ex. I.  Digeo purchased the '823 Patent without warranty, "as-is."  Boylan Dec., Ex. J.  Mr. Saigh was a significant creditor in the IPDN bankruptcy, claiming almost a quarter of the proceeds.  Boylan Dec., Ex. K.  Together with Mr. Brockhouse, they recovered more than a million dollars through the bankruptcy sale.  Edward and Hsiao-Shih did not recover a penny.  Chang Dep. at 14.

For purposes of this motion, it is enough that Edward Chang's interest and rights to the '823 Patent were never validly transferred to Microtome, IPDN, or Digeo.   Edward Chang has licensed Audible a right to practice the '823 Patent.  Boylan Dec., Ex. A;  Edward Chang Dep. at 8;  Exh. 1 to the Edward Chang Dep.   The license is retroactive to the date of the '823 Patent's issuance in 1998 and provides Audible with a complete right to use the patented technology.  *Id.*  Digeo cannot continue with this action.

Microtome was Mr. Saigh's creation.  Mr. Brockhouse, the only inventor, other than Michael Saigh, who assigned his interest in the '823 Patent to Microtome, testified that Mr. Saigh ruled Microtome completely – others did what he directed.  Brockhouse Dep. at 75-76. In fact, Mr. Brockhouse was so terrified of Mr. Saigh that he did whatever Mr. Saigh

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 7

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

instructed, even if doing so meant ignoring, or contravening, his own responsibilities and his fiduciary obligations as an officer of Microtome (and more recently, the same company renamed as IPDN). Brockhouse Dep. at 82-84. The facts, as laid out by the testimony of Edward Chang, Hsiao-Shih Chang, and El-Vera Biedenstein, compel only one conclusion: neither Edward Chang nor Hsiao-Shih Chang ever assigned, conveyed, or transferred their ownership interest in the '823 Patent created by virtue of their status as inventors. *Ethicon, Inc. v. Unites States Surgical Corp.,* 135 F.3d 1456 (Fed. Cir. 1998).

### III. ARGUMENT

#### A. The License To Audible Is An Absolute Defense To The Claim Of Infringement.

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As evidenced beyond any issue of material fact, by the materials submitted with this motion and the record in this action, Audible has secured from Edward Chang a nonexclusive right to use the '823 Patent technology since the Patent's date of issuance on March 31, 1998. Thus, Audible has not committed any act of patent infringement and is entitled to judgment as a matter of law.

Audible's license states that "Edward Chang does hereby grant, convey and extend a non-exclusive license to Audible, Inc. to practice all subject matter claimed in the '823 Patent. This license is retroactive to the date of issue of the '823 Patent and is irrevocable." Boylan Dec., Ex. A. As a named inventor on the '823 Patent, Edward Chang had the right to make use of the '823 Patent technology. *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248, 26 USPQ2d 1572, 1582 (Fed. Cir. 1993) (the ownership of the patent initially vests in the named inventors of the patented invention); 35 U.S.C. § 262 (". . . each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners"). And Edward Change had the ability to transfer to Audible his right to use

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 8

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

the patented technology, through the execution of a license to use. *See, e.g., Carborundum Co. v. Molten Metal Equip. Innovations*, 72 F.3d 872, 878 (Fed. Cir. 1995) (discussing the implied license defense and observing that most licenses are express).

This action cannot proceed because Audible enjoys a right to use all subject matter claimed in the '823 Patent. The right to use is an absolute defense to Digeo's infringement claim. As discussed, *infra*, the retroactive nature of the license is not in question here – Digeo lacks standing to enforce the '823 Patent. Yet, the license is retroactive, and that retroactive character is in compliance with the law. Unlike the situation in *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341 (Fed. Cir. 1997), neither Edward nor Hsiao-Shih ever conveyed a unilateral right to enforce the '823 Patent to any other owner. Edward was well within his right to convey Audible a prospective license and forgiveness for the past by extending that license retroactively for good consideration.

Accordingly, Audible requests that this court grant summary judgment against Digeo.

**B.    Even Without The License, Digeo's Action Must Be Dismissed With Prejudice Because Digeo's Lack Of Standing Deprives This Court Of Subject Matter Jurisdiction.**

FED. R. CIV. P. 12(h)(3) provides for dismissal of an action for lack of subject matter jurisdiction. It states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). The issue of subject matter jurisdiction is not waiveable and can be raised at any time in the proceedings. *See, e.g., United States v. Nye County*, 178 F.3d 1080, 1089 n.12 (9th Cir. 1999). If a court finds on either its own accord or upon the suggestion of a party that it is without subject matter jurisdiction because there is no standing, the action should immediately be dismissed. *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1250 (E.D. Wash. 2004) (dismissing action for lack of standing).

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 9

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

### 1. Plaintiff Digeo Lacks Standing To Assert The Patent In This Action Because The Standing Requirement In The Patent Infringement Context Requires That All Owners Assert The Patent.

Standing in patent cases is a basic issue of subject matter jurisdiction. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995). Standing elements are an indispensable part of the plaintiff's case, and accordingly "must be supported at each stage of litigation in the same manner as any other essential element of the case." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Standing is determined as of the time litigation starts. *Lujan,* 504 U.S. at 571, cited in *Nat'l Licensing Ass'n, LLC*, 361 F.Supp.2d at 1250.

In order for a patent infringement plaintiff to have the standing required to sue, that plaintiff must have full and complete ownership of the patent. *Rawlings v. Nat'l Molasses Co.*, 394 F.2d 645, 648 (9th Cir. 1968) (observing that "an owner of something less than monopoly rights may not sue for patent infringement") (citing *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 44 (1923)); *Gayler v. Wilder*, 51 U.S. 477 (1851); *Waterman v. MacKenzie*, 138 U.S. 252 (1891), *superceded on other grounds by statute*. This means that all parties with the right to sue for infringement must join together as plaintiffs to meet the constitutional and jurisdictional requirements of standing to state a valid action for patent infringement. *Nat'l Licensing Ass'n, LLC*, 361 F.Supp.2d at 1250-53 (E.D. Wash. 2004) (dismissing action for lack of standing).

Put another way, any patent owner who has retained substantive ownership rights in a patent is an indispensable party in a patent infringement suit. *Viam Corp. v. Iowa Export-Import Trading Co.*, 35 U.S.P.Q.2d 1505, 1507 (C.D. Cal. 1995),[1] *remanded on other grounds by Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996); *Sidewinder Marine, Inc. v. Nescher*, 440 F.Supp. 680, 683 (N.D. Cal. 1976); *Indep. Wireless Tel. Co. v. Radio Corp.*, 269 U.S. 459, 466 (1926). In the context of a patent infringement suit, the

---

[1] *See* Declaration of Kristin Drieman ("Drieman Dec."), Ex. A.

AUDIBLE, INC.'S MOTION FOR DISMISSAL  
UNDER FRCP 12  
C05-00464-JLR - 10

DLA Piper Rudnick Gray Cary US LLP  
701 Fifth Avenue, Suite 7000  
Seattle, WA 98104 ∗ Tel: 206.839.4800

1  Federal Circuit has affirmed the proposition that a plaintiff may not create standing by later
2  action if it did not exist at the time the suit was brought. *Quiedan Co. v. Cent. Valley Builder's
3  Supply Co.*, 32 U.S.P.Q.2d 1847, 1848 (Fed. Cir. 1994) (stating that standing cannot be later
4  created).[2] There is no opportunity to cure a standing problem after litigation is underway.

On March 23, 2005, Digeo alone filed this patent infringement action against Audible, on the basis of the interest it acquired in the '823 Patent from the bankruptcy estate of Microtome/IPDN.[3] In this respect, Digeo's acquisition of the '823 Patent, through bankruptcy, does not somehow extinguish the property interests of third parties in the '823 Patent, such as Edward and Hsiao-Shih. Section 363(b) of the Bankruptcy Code authorizes a debtor to sell "property of the estate" to third parties after notice and a hearing. *See* 11 U.S.C. § 363(b). "Property of the estate" includes all legal and equitable property interests of the debtor, but not the property interests of third parties. *See* 11 U.S.C. § 541; *see also In re Cajun Elec. Power Coop., Inc.*, 230 B.R. 715, 736 (Bankr. M.D. La. 1999) (denying approval of plan of reorganization as improper as attempting to transfer assets that were not estate property, but instead were assets of a joint venture between the debtor and a co-owner). Clearly, Digeo never had, and does not now enjoy, complete ownership of the entire right, title, and interest in and to the '823 Patent – a prerequisite to the maintenance of this lawsuit.

This action should be dismissed with prejudice, not only because Audible has a license to use the patented technology, but also because there is no way that Digeo can satisfy the standing requirements necessary to sustain this action. The Complaint is fatally flawed. Given that their purported assignment to IPDN or Microtome was a fraudulent and ineffective conveyance, without Edward or Hsiao-Shih serving as co-plaintiffs, Digeo did not have standing and, thus, this Court lacks subject matter jurisdiction over this lawsuit. Accordingly, Audible requests that this Court dismiss the Complaint with prejudice.

---

[2] *See* Drieman Dec., Ex. B.
[3] Microtome and IPDN were the same company, with the same federal (taxpayer) I.D. Saigh Dep. at 82.

AUDIBLE, INC.'S MOTION FOR DISMISSAL  
UNDER FRCP 12  
C05-00464-JLR - 11

DLA Piper Rudnick Gray Cary US LLP  
701 Fifth Avenue, Suite 7000  
Seattle, WA 98104 ∗ Tel: 206.839.4800

### C. This Lawsuit Is Exceptional & Audible Should Be Awarded Attorney Fees And Costs.

A court may award attorney fees to a party in "exceptional" cases pursuant to 35 U.S.C. § 285. In evaluating a request for attorney fees under § 285, a trial court should examine first whether there is clear and convincing evidence that the case is exceptional, and, second, whether an award of attorney fees to the prevailing party is warranted. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005) (citing *J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1050 (Fed. Cir. 1987)).

This saga qualifies as an exceptional case. It is something more likely to be found in the pages of a gossip column than the result of honoring an applicant's duty of disclosure and careful due diligence. The preparation and filing of the July 1996 submissions falsifying Edward Chang's death are blatant and material acts of fraud. Edward's death was fabricated so that any patent that would issue from the '056 Application would be in the hands of Microtome alone, with Mr. Saigh as the 90% stockholder of Microtome. Brockhouse Dep. at 76.

Likewise, the preparation and recordation of the forged and faked July 1996 Assignment was plainly an elaborate act of fraud, compelled again by the need to have a patent issue from the '056 Application without interest to Edward and Hsiao-Shih Chang. Absent the forged and faked July 1996 Assignment, there would have been no transfer from Microtome to IPDN and its bankrupt estate. Without a doubt, this case involves exceptional and unusually bold acts of fraud. An award of attorneys' fees and costs to Audible is warranted.

Neither Hsiao-Shih Chang nor Edward Chang ever validly assigned their rights. Neither was paid or otherwise compensated for their inventive contributions to the '823 Patent, which Digeo has aggressively used to extract payments from media and Internet content providers since its purchase in 2002. It was counsel for Digeo that established this as a fact through cross-examination at the deposition of Edward Chang. Chang Dep. at 9-11.

The fraud underlying the issuance of the '823 Patent should not have escaped Digeo's attention. According to its own webpage, Digeo is a sophisticated intellectual property owner:

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 12

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

> Digeo has an extensive Intellectual Property portfolio, including over 300 U.S. utility patents, issued and pending. These patents comprehensively cover the Moxi hardware platform, middleware, user interface, and Digeo iTV products and services.
>
> Among the licensees of Digeo Intellectual Property are Motorola, Scientific Atlanta, and RealNetworks.

Boylan Dec., Ex. L. Digeo even holds out the '823 Patent as a significant asset available for licensing, with the statement:

> One of Digeo's patents is U.S. Patent No. 5,734,823, which covers key digital rights management (DRM) technology vital to many applications including storage and manipulation of encrypted broadcast content and electronic books. The '823 and related patents are currently available for license.
>
> To find out more about patent license opportunities, please contact:
>
> Jim Blaisdell 425-896-6294.

*Id.* Contrary to what Digeo should have discovered through "an inquiry reasonable under the circumstances"[4] into the basis for the Complaint, Digeo asserted in its Complaint that it owns all rights to sue for infringement of the '823 Patent:

> 8. Digeo has acquired patents on various new inventions relating to encrypting, storing, and retrieving digital content such as electronic books, video, and audio. The United States Patent and Trademark Office acknowledged the importance of those inventions by, *inter alia*, duly and legally issuing United States Patent No. 5,734,823, "Systems and Apparatus for Electronic Communication and Storage of Information" ("the '823 patent") on March 31, 1998. A copy of the '823 patent is attached hereto as Exhibit No. 1. The '823 patent issued in the name of inventors Michael M. Saigh, Edward H. Chang, Douglas B. Brockhouse, and Hsiao-Shih Chang.
>
> 9. Digeo is the owner of all right, title, and interest in the '823 patent, including the right to sue for infringement of that patent.

---

[4] FED. R. CIV. P. 11.

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 13

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

Complaint at ¶¶ 8-9.

It was Digeo that recorded the fraudulent 1996 Assignment upon the purchase of the '823 Patent in August 2002. Certainly, Audible is entitled to recovery of the significant fees and costs it incurred in the defense of this action.

In considering whether to award attorney fees under 35 U.S.C. § 285, a Court may consider many factors. The substantive law of the Federal Circuit controls the inquiry. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.,* 182 F.3d 1356, 1359 (Fed. Cir. 1999). One of the many factors that may be considered is unjustified litigation. Lack of the plaintiff's standing to pursue litigation, in particular, may be a ground both for finding a case exceptional, and warranting the imposition of an award of attorney fees. *SGS-Thomson Microelectronics v. Int'l Rectifier Corp.*, 29 U.S.P.Q.2d 1641, 1663 (C.D. Cal. 1993), *vacated on other grounds by* 32 USPQ2d 1505 (Fed.Cir. 1994) (unpublished opinion). In another case where preparation of fraudulent or falsified materials was the vehicle for litigation, the Court imposed an award of attorney fees under the "exceptional case" standard of 35 U.S.C. § 285. *See Aptix Corp. v Quickturn Design Sys., Inc.* 269 F.3d 1369 (Fed. Cir. 2001); *See also Keystone Driller Co. v. Gen. Excavator*, 290 U.S. 240 (1933) (where the patent plaintiff purchased the silence of an inventor whose testimony would have undone the litigation and used the verdict so obtained to enforce the patent against a second party, and the fraud was finally uncovered by a stubborn defendant).

Where, as is the case here, an unjustified and expensive defense of patent enforcement litigation is shown to have been necessitated by fraud and chicanery, Audible respectfully submits that the circumstances are exceptional, and equity supports awarding Audible attorney fees under 35 U.S.C. § 285.

### IV. CONCLUSION

Because Audible has a valid right to use the technology that is the subject of the '823 Patent, Digeo cannot state a claim for infringement. Even without the license, there is no way

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 14

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

that Digeo can satisfy fundamental standing requirements to proceed with this action.  Audible respectfully requests that this Court dismiss this action with prejudice.

The colossal fraud underlying the '823 Patent assignments qualifies Digeo's lawsuit as an exceptional case within the meaning of 35 U.S.C. § 285; thus, an award to Audible of all its fees and costs is warranted.

Dated this 25th day of May, 2006.

**DLA PIPER RUDNICK GRAY CARY US LLP**

 s/Kit W. Roth
Stellman Keehnel, WSBA No. 9309
*Kit W. Roth, WSBA No. 33059
DLA PIPER RUDNICK GRAY CARY US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Telephone:  206.839.4800
Fax:  206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
E-mail:  kit.roth@dlapiper.com
Attorneys for Defendant Audible, Inc.

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
 C05-00464-JLR - 15

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800

**MERCHANT & GOULD, P.S.**

Steven B. Kelber
MERCHANT & GOULD P.C.
901 Fifteenth Street NW, Suite 850
Washington D.C. 20005
Telephone: (202) 625-8380
Facsimile: (202) 625-8381
E-Mail: skelber@merchantgould.com


Kristine M. Boylan
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 371-5300
Facsimile: (612) 332-9081
E-Mail: kboylan@merchantgould.com


Regina V. Culbert
Richard C. Siefert
Merchant & Gould
701 Fifth Avenue, Suite 4700
Seattle, WA  98104
Telephone: 206.342.6200
Facsimile: 206.342.6201
E-Mail: rculbert@merchant-gould.com
E-Mail: rsiefert@merchant-gould.com

Attorneys for Defendant Audible, Inc.

SE\9082726.1
24854-48

AUDIBLE, INC.'S MOTION FOR DISMISSAL
UNDER FRCP 12
C05-00464-JLR - 16

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104 ∗ Tel: 206.839.4800