HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DIGEO, INC., a Delaware corporation,

    Plaintiff,

v.

AUDIBLE, INC., a Delaware corporation,

    Defendant.

Civil Action No. C05-00464JLR

**DEFENDANT AUDIBLE, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND, ALTERNATIVELY, FOR DISMISSAL UNDER FEDERAL RULES OF CIVIL PROCEDURE 12**

**NOTE ON MOTION CALENDAR: JULY 7, 2006**

**ORAL ARGUMENT REQUESTED**

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT ................................................................................................................. 1
    A. Digeo's Sole Theory Is Equitable Ownership, Ownership That Is Insufficient To Support The Complaint ............................................................. 1
    B. Digeo Is Not The Equitable Owner Of The Changs' Interest, And Therefore Lacks Standing ................................................................................ 2
        1. The Burden Of Proof Rests On Digeo ................................................. 2
        2. Digeo Offers No Evidence Of Microtome/Digeo's Equitable Ownership Of Oliver Chang's Ownership Of The '823 Patent ............. 3
        3. Digeo Has No Equitable Rights to Edward Chang's Ownership ........... 5
    C. Digeo Did Not Acquire All Rights Under The '823 Patent In Its Bankruptcy Purchase ...................................................................................... 8
    D. An Award of Attorneys Fees is Supported ...................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Access Cardiosystems, Inc.*,
 340 B. R. 127 (Bankr. D. Mass. 2006) ................................................................... 7

*Antonious v. Spalding & Evenflow Cos.*,
 275 F.3d 1066 (Fed. Cir. 2002) .............................................................................11

*Arachnid, Inc. v. Merit Indus.*,
 939 F.2d 1574 (Fed. Cir. 1991) ............................................................................... 2

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
 954 F.2d 874 (3d Cir. 1992) .................................................................................... 3

*Cedars-Sinai Med. Ctr. v. Watkins*,
 11 F.3d 1573 (Fed. Cir. 1993) ................................................................................ 2

*Dynamic Mfg., Inc. v. Craze*,
 46 USPQ2d 1548, 1998 WL 241201 (E.D. Va. 1998) ..................................... 2, 11

*Ethicon Inc. v. United States Surgical Corp.*,
 135 F.3d 1456, 45 USPQ2d 1545 (Fed. Cir. 1998) ................................................ 5

*Fieldturf, Inc v. Sw. Residential Indus., Inc.*,
 357 F.3d 1266 (Fed. Cir. 2004) .............................................................................. 8

*Gaia Tech., Inc. v. Reconversion Tech., Inc.*,
 93 F.3d 774, 41 USPQ2d 1134 (Fed. Cir. 1996) .................................................... 2

*Link v. Wabash R.R. Co.*,
 370 U.S. 626 (1962) ..............................................................................................11

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ................................................................................................ 2

*Pellegrini v. Analog Devices, Inc.*,
 2006 U.S. Dist. LEXIS 726 (C.D. Mass. Jan. 11, 2006) ......................................11

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– ii
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page**

*Pfizer, Inc. v. Elan Pharm. Research Corp.*,
    812 F. Supp. 1352, 27 USPQ2d 1161 (D. Del. 1993) ..................................................2, 3

*Proctor & Gamble Co, v. Paragon Trade Brands, Inc.*,
    917 F. Supp. 305 (D. Del. 1995) ................................................................................. 2

*In re Stonecraft, LLC*,
    2005 Bankr. LEXIS 587 (Bankr. D. Miss. March 7, 2005) ...........................................7

*Teets v. Chromalloy Gas Turbine Corp.*,
    83 F.3d 403, 38 USPQ2d 1695 (Fed. Cir. 1996)..........................................................4

*TM Patents, LLP v. Int'l Bus. Mach. Corp.*,
    136 F. Supp. 2d 209, 58 USPQ2d 1171 (S.D.N.Y. 2001) ...................................2, 9, 10

*Univ. of W. Va., Bd. of Tr. v. VanVoorhies*,
    278 F.3d 1288, 61 USPQ2d 1449 (Fed. Cir. 2002).........................................................8

**STATUTES**

35 U.S.C. § 285 ............................................................................................................10

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– iii
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 * Tel: 206.839.4800

## I. INTRODUCTION

Wishing does not make it so. No matter how many times Digeo writes in its Opposition to Audible's Motion for Summary Judgment (the "Opposition"), that it owns all the rights in and to U.S. Patent 5,734,823 (the "'823 Patent"), such assertions simply do not take the place of evidence, of facts. It is Digeo's burden to prove it has standing in this matter. Digeo cannot support this burden. As discussed below, even if Digeo's errant theory of the case is accepted – that it somehow is the equitable owner of the rights of two inventors in the '823 Patent that Digeo now concedes were never actually assigned – such equitable ownership is insufficient to support Digeo's Complaint for money damages. The Complaint should be dismissed, with prejudice, even if the Court finds Digeo has made a compelling proof that it is the equitable owner of the rights of Edward Chang and Hsiao-Shih Chang (collectively, the "Changs") that would otherwise belong to the Changs by reason of their being named inventors of the '823 Patent. A review of the facts demonstrates, however, that no such showing has been made.

## II. ARGUMENT

### A. Digeo's Sole Theory Is Equitable Ownership — Ownership That Is Insufficient To Support The Complaint.

At the outset, Digeo concedes that the document that purports to be an assignment of the rights of inventors Edward Chang and Hsiao-Shih ("Oliver") Chang to Microtome, Inc. is a forgery and is not legally sufficient to transfer those rights. Opposition at 1. Digeo insists that Edward Chang and, somehow, Oliver Chang, were both officers of Microtome, Inc. (which is the same company as IPDN, "Microtome, Inc./IPDN") and owed a fiduciary obligation to assign rights in the '823 Patent to Microtome, Inc./IPDN.

What must be recognized is that even if Digeo is correct, Digeo is, at best, only an equitable owner of the '823 Patent. In the absence of a valid written assignment from the Changs, Digeo cannot sustain the Complaint for money damages, sought in paragraphs 2 and 3 of its prayer for relief. To sustain a Complaint that seeks money damages, an actual

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 1
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

conveyance of the patent, an assignment, is required. In the absence of a written assignment from all the inventors to Microtome, Inc./IPDN, no Complaint seeking money damages for patent infringement, or other relief at law, can be sustained. *Arachnid, Inc. v. Merit Indus.*, 939 F.2d 1574, 1580 (Fed. Cir. 1991); *Proctor & Gamble Co., v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309 (D. Del. 1995) (equitable ownership does not entitle a party to sue for money damages, a remedy at law, in an action for infringement); *Gaia Tech., Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774, 780, 41 USPQ2d 1134 (Fed. Cir. 1996). Where, as here, claims for both money damages and injunctive relief are sought, "it is proper to treat the action as one at law." *Proctor & Gamble*, 917 F.Supp. at 309, n.6, citing *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 27 USPQ2d 1161 (D. Del. 1993). *See also Dynamic Mfg., Inc. v. Craze*, 46 USPQ2d 1548, 1553, 1998 WL 241201 (E.D. Va. 1998).

Thus, while Digeo's evidence does not support its assertions, even if this Court were to find that Diego has an equitable ownership in the rights of the Chang inventors, this suit would have to be dismissed. Digeo is, however, clearly wrong on the facts – as discussed below.

**B.**     **<u>Digeo Is Not The Equitable Owner Of The Changs' Interest And, Therefore, Lacks Standing.</u>**

    **1.**     **The Burden Of Proof Rests On Digeo.**

Digeo wrongly asserts that the burden of showing no material fact as to the issues raised in the Motion rests on Audible. Opposition at 7. The basis of Audible's Motion is that Digeo lacks standing – both because of Audible's ownership of the rights of Edward Chang (Audible's licensor) and because of Oliver Chang's ownership rights. Where the standing of a party to bring a Complaint is challenged because it lacks complete ownership of a patent, the burden rests on the plaintiff to ***prove*** standing, not simply to raise possible issues of fact. *TM Patents, LLP v. Int'l Bus. Mach. Corp.*, 136 F.Supp. 2d 209, 58 USPQ2d 1171, 1189-90 (S.D.N.Y. 2001), citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 2
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

It is well settled that the burden of proof to demonstrate standing, when challenged, remains that of the party asserting the Complaint for relief, even if material beyond the pleadings is considered. Thus, when agreements, testimony, or the like are considered to determine whether or not standing exists, such consideration does not convert a Motion to Dismiss for Lack of Standing to one for Summary Judgment.[1] *Pfizer, Inc.,* 812 F. Supp. at 1357-58.

### 2. Digeo Offers No Evidence Of Microtome/Digeo's Equitable Ownership Of Oliver Chang's Ownership Of The '823 Patent.

As to Oliver Chang, Digeo offers no evidence of an equitable interest, or any other right of ownership, of any kind. The sole document Digeo relies on to establish Oliver as a Microtome, Inc. officer (there is no testimony to this effect) is a fictitious business card reflecting Oliver Chang as Chief Technical Officer of Microtome Consumer Products Corporation, NOT Microtome, Inc. According to Digeo, Microtome CPC was a company separate and distinct from Microtome, Inc. *See* Opposition at 3:3-19; Ex.1 at 38 (Michael Saigh deposition describing that Microtome, Inc. and Microtome CPC "were two different companies"); Opposition Ex. 2 (Microtome CPC Articles and Certificate of Certificate of Incorporation); Opposition Ex. 5 (Microtome CPC Executive Summary). There is no evidence, anywhere, that Oliver Chang was EVER an employee of Microtome Inc./IPDN – the sole entity whose patent rights Digeo purchased. Further, the unauthenticated business card that provides the only evidence on which Digeo relies came not from the Changs, but from the architect of the fraud and deception foisted on this Court and the United States Patent and Trademark

---

[1] The difference between a motion brought under FRCP 12(h)(3) and a motion brought under 12(b)(1) is simply that a motion under FRCP 12(h)(3) can be brought at any time. *See Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n. 3 (3d Cir. 1992) (treating a FRCP 12(b)(1) and FRCP 12(h)(3) motions as identical and stating that the "distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party"). As FRCP 12(b) expresses, considering matters outside the pleading converts only a FRCP 12(b)(6) motion, but not a FRCP 12(b)(1) motion, into one for summary judgment. *See* FRCP 12(b).

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 3
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

Office and Audible – Michael Saigh himself.[2] Deposition of Michael Saigh (the "Saigh Dep.") at 52 (attached as Ex. 1 to the Declaration of Steven B. Kelber (the "Kelber Dec.")). Saigh also testified he had no idea of Oliver Chang's role in the invention, and in Microtome CPC. In his whole life, Michael Saigh talked with Oliver Chang once. *Id*.

There is no mention, anywhere, of Oliver Chang as an officer of Microtome, Inc./IPDN – the only company whose intellectual property was acquired by Digeo. Microtome CPC was dissolved in 1997. Digeo Ex. 2 at 15. There is no evidence anywhere that its assets (if any) were transferred to Microtome, Inc./IPDN, Michael Saigh, or any third party. In the absence of evidence that supports the conclusion that Oliver Chang had an obligation to assign to Microtome, Inc./IPDN, a company with which he had no contact, Digeo cannot proceed with this lawsuit. No such evidence is offered, not even a self-serving business card.

Digeo offers only rank speculation that flies in the face of the facts. Saigh, whom Brockhouse testified ran Microtome, Inc./IPDN as its sole authority and with an iron fist, met with Oliver Chang only one time – and has no idea what his role in the invention was. Oliver Chang was never an officer or employee of Microtome, Inc./IPDN. There is absolutely no basis for concluding that Digeo has an equitable claim in Oliver Chang's interest in the '823 Patent. Oliver Chang's ownership right springs from his role as co-inventor. *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 38 USPQ2d 1695, 1696 (Fed. Cir. 1996). Digeo offers neither evidence nor logic that would support the conclusion that Oliver Chang was an employee, officer or otherwise owed Microtome, Inc./IPDN a duty of assignment. In failing to advance such evidence, Digeo has failed to sustain its burden. The case should be dismissed.

---

[2] Even if Oliver Chang was the Chief Technical Officer of Microtome CPC, CTO is not an "Officer" of the company that could act for the company in a fiduciary capacity. Microtome CPC corporate records lodged in State of Missouri (not California, as Mr. Saigh would have us believe) identify as officers Michael Saigh, Debra Saigh, and, in 1995, an Edward Chang living in St. Louis, Missouri. Opposition, Ex. 2, pp. 12-14. Oliver Chang is not identified as an officer, and no other evidence of any kind of fiduciary relationship between him and Microtome, Inc. or Microtome CPC is even hinted at by Digeo.

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 4
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

### 3. Digeo Has No Equitable Rights To Edward Chang's Ownership.

Edward Chang is co-owner of the '823 Patent. His ownership is one that arises because he is a named co-inventor of the '823 Patent *Ethicon Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 45 USPQ2d 1545 (Fed. Cir. 1998). Unless Digeo can show ownership of that interest, the Complaint in this case must be dismissed for lack of standing and because Audible enjoys a license under the '823 Patent. The only possible source of an interest in favor of Digeo is its purchase, through bankruptcy, of the Patent estate of Microtome, Inc./IPDN (not Microtome CPC which Digeo did not acquire). Digeo nowhere suggests that, in the absence of complete ownership of the '823 Patent by Microtome, Inc./IPDN and thence Digeo, the license from Edward Chang to Audible is insufficient as a defense to infringement. Digeo cannot make the necessary showing.

Edward Chang never received a penny for his work on the invention of the '823 Patent, or for Microtome, Inc./IPDN or Microtome CPC. In fact, Michael Saigh testified that most of Edward's work "was on his own dime." Saigh Dep. at 41. Edward once received compensation for travel expenses, when he went to St. Louis to meet with investors. Saigh Dep. at 41-42. Edward Chang received no salary of any kind from Microtome, Inc./IPDN or Microtome CPC. He owned no stock in Microtome, Inc./IPDN or Microtome CPC and, never received a K-1 or 1099 from Microtome CPC or Microtome, Inc./IPDN or anything else reflecting compensation. This series of questions was so critical to Digeo's fact finding that counsel for Digeo asked it twice. Deposition of Edward Chang (the "Chang Dep."), at 25, 43 (attached as Ex. 2 to the Kelber Dec.). Both times, Edward Chang answered no – he never received any such forms, because he was never compensated in any way, other than for the expense of his trip to St. Louis.

Edward Chang never conducted himself, or held himself out, as an officer of Microtome, Inc./IPDN or Microtome CPC, Chang Dep. at 24, 34, 43. In fact, Edward Chang never even knew Microtome CPC existed as a company, outside of a logo on some letterhead.

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 5
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

Chang Dep. at 50. Once he completed his work on the application for the '823 Patent, Edward Chang had no further involvement with Microtome, Inc./IPDN or Microtome CPC. Chang Dep. at 59.

The corporate documents reflect the accuracy of Edward Chang's perception that Microtome CPC was not a real company, just something Michael Saigh made up. Although Michael Saigh testified that Microtome CPC was Edward Chang's in fact, the documents from the State of Missouri that Digeo relies on show that the fictitious corporation was not located in California, as Digeo argues is shown in "Corporate Records" but in Missouri. Opposition Ex. 2. It lists as the principal place of business in 1994 an address in St. Louis (that does not appear to exist – 7777 Bonhomme Str. Suite 1004) and in 1995 and 1996, 150 S. Price Rd. in St. Louis, which of course, is the home address of Michael Saigh. It gave Michael Saigh's address for the address of Edward Chang, as well as a fictitious address in California in 1994. A review of these documents reflects the signature, over and over again, of Michael Saigh. *Id.* Michael Saigh was the incorporator, the executing officer, the Chairman of the Board, the President and the alter ego of this Company. Edward Chang had no role in it at all.

Digeo incredibly asserts as a background fact that "the inventors also had an agreement to share profits." Opposition at 4. No such agreement ever existed. Edward Chang was never party to such an agreement. Chang Dep. at 47 - 48. Michael Saigh could not even remember what the agreement he perceived existed was. He first testified that Edward would get a share of hardware sales made, while he, Michael, would get a share of content, Saigh Dep. at 85 - 86, then testified they would share in net profits. Saigh Dep. at 87. No document exists today reflecting any such, even half-formed, agreement. It was not in corporate records, and Saigh does not recall any signed document of this type. Saigh Dep. at 88. Bottom line, Mr. Saigh, when pressed on the issue of this "agreement," testified "I don't recall if he had signed. In fact, I really don't – I just know that there was something worked on in some agreement. I'm not

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 6
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

sure - I know I don't have it . . ..″ No agreement exists. *Id.* at 88. Ed Chang never saw it, Michael Saigh can't recall it.

Digeo then strains credulity to the breaking point, by asserting that the situation considered in *In re Access Cardiosystems, Inc.*, 340 B. R. 127, (Bankr. D. Mass. 2006) "is startlingly similar to the situation here and particularly instructive." Opposition at 9. The inventor in question in *Access Cardiovascular Systems*, 340 B.R. at 135 is one Randall Fincke. The Court, characterized his role in the company this way:

> [I]t is clear from the record that Fincke generally controlled Access from conception through incorporation and beyond. Fincke testified at deposition that Balesta did not adequately perform his duties as President, leaving Fincke to control and direct a majority of the company's administrative activities. Following Baletsa's resignation in January of 2001, Fincke took over the role as President. Fincke remained the majority stock holder and sole director until April of 2003. Even after he no longer retained a majority of stock ownership in Access, Fincke continued to function as President and CEO until November of 2003.

Fincke also loaned the company hundreds of thousands of dollars, and received most of it back. *Id.* At 138. Fincke solicited funds from outside investors. *Id*.

Edward Chang neither owned nor controlled any stock. He had never heard of the company, and was never paid by the company. He never took action for the company. He was never even told that this so-called "California Company" had been registered in Missouri! Edward Chang did none of the things necessary to establish a fiduciary obligation, and held none of the positions Mr. Fincke did.

The rest of the cases cited by Digeo are to the same effect. For example, *In re Stonecraft, LLC*, 2005 Bankr. LEXIS 587 at *12 (Bankr. S.D. Miss. March 7, 2005), is representative and cited by most of the remaining cases advanced. Opposition at 8. In that decision the Court held that the individual at issue "he made practically all of the decisions that affected the company's activities. He hired employees and consultants, as well as, terminated employees without the authority of other members." *In re Stonecraft,* 2005 Bankr. LEXIS 587

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 7
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

at *12. This is not Edward Chang, who never held himself out as an officer of any Microtome company, had no employees, was never paid, and made no decisions for the company. He had never even been told the company was formed! A fiduciary duty of assignment in the context of a U.S. patent arises when the evidence demonstrates that the actor (Edward Chang) assumed a duty for another's benefit (Microtome, Inc./IPDN) while subordinating his or her own personal interest to that other person. *Univ. of W. Va., Bd. of Tr. v. VanVoorhies,* 278 F.3d 1288, 61 USPQ2d 1449, 1456 (Fed. Cir. 2002). Edward Chang did not, at any time, assume responsibility or a duty for Microtome, Inc./IPDN, Microtome CPC, or any other Michael Saigh Company. The events that are required to establish a fiduciary obligation, or an obligation to assign, are controlled by State law. Digeo's Opposition includes absolutely no discussion of when Missouri law would impose a fiduciary duty.

The dismissal should be with prejudice. When a District Court dismisses for lack of standing, it can dismiss with or without prejudice. A case should be dismissed with prejudice where it is apparent that the several owners of the patent cannot be joined by the plaintiff. *Fieldturf, Inc. v. Sw. Residential Indus.*, *Inc.* 357 F.3d 1266, 1268 (Fed. Cir. 2004). Edward Chang, in particular, cannot join suit against Audible, having granted Audible a license under the patent in question. (If Edward Change has an interest that must be joined, Audible has a valid license and therefore perfect defense.)

**C.     Digeo Did Not Acquire All Rights Under The '823 Patent In Its Bankruptcy Purchase.**

As a crux of its Opposition, Digeo claims that it "acquired all rights under the ['823 Patent] in a purchase in bankruptcy" – including the rights of Edward and Oliver Chang – and that Audible cannot now challenge that sale. Opposition, 11:13-14:23. Based on that claim, Digeo argues both that Audible's license to the '823 Patent is invalid and that Digeo has standing to bring this action. *Id*. But Audible need not challenge Digeo's bankruptcy purchase of Microtome, Inc./IPDN's rights to the '823 Patent, because, under established law, Digeo did

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 8
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

not purchase all rights under the '823 Patent. Rather, it merely purchased only the rights to the '823 Patent that Microtome, Inc./IPDN possessed, namely the ownership interests in the '823 Patent of inventors Brockhouse and Saigh. Regardless of the "free and clear" language in the Bankruptcy Court's order approving Digeo's purchase, Digeo did not purchase the ownership interests in the '823 Patent of Edward and Hsiao-Shih Chang because Microtome, Inc./IPDN at no time owned those interests.

In approving a patent sale free and clear of all liens, claims, and encumbrances, a bankruptcy court nonetheless can only convey "*whatever interest the Debtor has [in the patent], and nothing more.*" *TM Patents*, 58 USPQ2d at 1185. *TM Patents* is directly on point. In that case, TM Patents LLP sued IBM for Patent infringement. TM Patents LLP purchased the Patent in the bankruptcy of Thinking Machines, to which IBM was a party. *Id*. at 1184. As in the IPDN bankruptcy, the Thinking Machines Bankruptcy Court ordered that the patent sale was "free and clear of all liens, charges, claims, encumbrances, Administrative Claims, interests and rights of offset." *Id*. IBM moved to dismiss the infringement claim for lack of standing on the grounds that TM Patents LLP. did not own the patent. *Id*. at 1182-83. IBM contended that Thinking Machines failed to obtain good title to the patent and, thus, TM Patents LLP likewise did not obtain good title to the patent by way of its purchase in the Thinking Machines bankruptcy. *Id*. at 1181. TM Patents LLP asserted in response that the Bankruptcy Court's Order that the patent was conveyed "free and clear" operated as a complete bar to IBM's assertion that TM Patents LLP did not own the patent.

Granting IBM's motion to dismiss, the *TM Patents* Court held:

> Under the Bankruptcy Code, a debtor's estate consists of, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 545(a)(1). The filing of a bankruptcy case does not, and cannot, give a debtor or its creditors greater rights in property than the debtor had prior to bankruptcy. *See In re Brown*, 734 F.2d 119, 124 (2d Cir. 1984) (nonetheless affirming debtor's entitlement to avoid creditor's lien and enjoy exemption under bankruptcy Code); *Old Stone Bank v. Tycon I Bldg. Ltd.*

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 9
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

*Partnership*, 946 F.2d 271, 276 (4th Cir. 1991).  As a result, the Bankruptcy Court's jurisdiction "does not extend to property that is not part of a debtor's estate," *Rutherford Hosp., Inc. v. RNH P'ship*, 168 F.3d 693, 699 (4th Cir. 1999), and even a confirmed bankruptcy plan "cannot furnish anyone rights to what was not property of the debtor's estate." *Terry Oilfield Supply Co. v. American Sec. Bank, N.A.*, 195 B.R. 66, 73 (S.D. Tex. 1996).  Thus, the Bankruptcy Court could not have passed title to the '773 Patent if Thinking Machines had no title to pass. . . . [N]othing in the "free and clear" language quoted above from the Final Judgment of the Bankruptcy Court is inconsistent with that, or expands on the inherent limitation of the Plan and the Collateral Assignment -- namely, that they convey and/or assign whatever interest the Debtor has, and nothing more.

*TM Patents*, 58 USPQ2d at 1184-85.  Accordingly, Audible need not challenge Digeo's bankruptcy purchase, for Digeo merely purchased Microtome, Inc./IPDN's rights to the '823 Patent, which did not include Edward Chang's and Oliver Chang's rights to the patent.  Under *TM Patents*, the "free and clear" language in the Bankruptcy Court's Order does not change this.

**D.     An Award Of Attorneys Fees Is Supported.**

Audible seeks attorneys' fees and costs pursuant to 35 U.S.C. § 285.  Where the patent infringement plaintiff must reopen its own bankruptcy proceeding, due to fraud and forgery, and seek its money back, as Digeo has, the case is exceptional.  Where even the Court observes that this is its first experience with resurrection, the case is exceptional.  Digeo asserted in June of 2005, in its 26(a)(1) disclosure, that Edward Chang is alive and well, and then forgot about that representation a year later; the case is exceptional.  Where the only way any party ever perceived value in the ownership of the '823 Patent is by reliance on a forgery and deceit, wrongfully representing Edward Chang to be dead, wrongfully representing Oliver Chang to have signed an assignment on his behalf and that of Edward Chang, and wrongfully forging the execution of a notary, the case is exceptional.  This case, and the mischief and expense, to which Audible has been put because of the repeated wrongful events, warrant an imposition of costs and fees.

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 10
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 * Tel: 206.839.4800

Digeo's principal response is to say "it didn't know." The response is inadequate on two grounds. First, Digeo DID know. Its counsel represented to this Court and to Audible that Edward Chang was alive and possessed of discoverable information. Now Digeo asserts that it did not know this. In any event, Digeo is bound by the words of its counsel. *Dynamics, supra*, 46 USPQ2d at 1554, citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 – 34 (1962). Nor is the exceptional, and exceptionally wrong, behavior confined to prior counsel. Digeo told this Court that, given the opportunity, it would present the testimony of Michael Saigh who "is expected to testify that Mr. Chang assigned his rights to Microtome Inc." Digeo's Motion to Extend the Discovery Deadline at 2. Digeo told this Court that it "understood that Mike Saigh has documents relevant to the question of ownership." Motion at 3. Yet, granted the extension, Digeo <u>never even asked Michael Saigh the question if Edward Chang had assigned his rights, and never asked him if he had the documents in question</u>. When asked if he thought the license from Edward Chang to Audible was proper or not, under his understanding of the relative rights, Mr. Saigh replied "I love the fact that he (Edward Chang) got something out of it frankly, I love it." Saigh Dep. at 61.

There is, in any event, only one actor here at the center of things. Michael Saigh. Digeo stands in his shoes as successor-in-interest. Digeo had an obligation to investigate Mr. Saigh's documents and representations before filing suit, as it is those documents, which Digeo filed at the Patent Office, that should support essential elements of Digeo's claim (including standing). *Antonious v. Spalding & Evenflow Cos.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002). *Pellegrini v. Analog Devices, Inc.*, 2006 U.S. Dist. LEXIS 726 (C.D. Mass. Jan. 11, 2006). It was Mr. Saigh who signed all corporate documents, who ran the company with an iron fist, and who signed the papers for Microtome CPC as a St. Louis Company, all the while telling Edward Chang and this Court it was his company out in California.

Dismissal with prejudice and an award of attorneys' fees for this truly exceptional case are warranted.

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 11
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

1 | DATED this 7th day of July, 2006.

2 | **DLA PIPER RUDNICK GRAY CARY US LLP**

s/ Kit W. Roth
Stellman Keehnel, WSBA No. 9309
Brian D. Buckley, WSBA No. 26423
Kit Roth, WSBA No. 33059

**MERCHANT & GOULD P.C.**
Regina Vogel Culbert (WSBA 30213)
701 Fifth Avenue, Suite 4700
Seattle WA 98104
Telephone: (206) 342-6200
Facsimile: (206) 342-6201
E-mail: rculbert@merchant-gould.com

**MERCHANT & GOULD P.C.**
Steven B. Kelber
901 Fifteenth Street NW, Suite 850
Washington D.C. 20005
Telephone: (202) 326-0300
Facsimile: (202) 326-0778
E-Mail: skelber@merchant-gould.com

Attorneys for Defendant

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 12
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800

# CERTIFICATE OF SERVICE

I, Kit W. Roth, certify that on this 7th day of July, 2006, I caused to be served copies of the attached:

1. Defendant Audible, Inc.'s Reply to Motion For Summary Judgment And, Alternatively, For Dismissal Under Federal Rules of Civil Procedure;

2. Declaration of Steven B. Kelber;

3. Statement of Non-Published Opinions in Support of Defendant Audible, Inc.'s Reply to Motion For Summary Judgment And, Alternatively, For Dismissal Under Federal Rules of Civil Procedure; and

4. this Certificate of Service

to the following parties:

| | |
|---|---|
| Douglas A. Grady<br>Lawrence D. Graham<br>Mark L. Lorbiecki<br>Black lowe & Graham<br>701 5th Avenue, Suite 4800<br>Seattle, WA  98104-7009<br>Telephone:  206.381.3300<br>Facsimile:  206.381.3301<br><br>Counsel for Plaintiff | [  ] Via Hand Delivery<br>[  ] Via U.S. Mail<br>[  ] Via Facsimile<br>[X] Via ECF |
| Regina V. Culbert<br>Richard C. Siefert<br>Merchant & Gould<br>701 Fifth Avenue, Suite 4700<br>Seattle, WA  98104<br>Telephone:  206.342.6200<br>Facsimile:  206.342.6201<br><br>Co-Counsel for Defendant | [  ] Via Hand Delivery<br>[  ] Via U.S. Mail<br>[  ] Via Facsimile<br>[X] Via ECF |
| Kristine M. Boylan<br>Merchant & Gould<br>80 S. 8th Street, Suite 3200<br>Minneapolis, MN  55402<br>Telephone:  612.371.5295<br><br>Co-Counsel for Defendant | [  ] Via Hand Delivery<br>[  ] Via U.S. Mail<br>[  ] Via Facsimile<br>[X] Via ECF |

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 13
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 * Tel: 206.839.4800

| | | |
|---|---|---|
| 1 | Steven B. Kelber<br>Merchant & Gould<br>901 Fifteenth St NW, Suite 850<br>Washington, DC 20005<br>Telephone: 202.326.0408 | [ ] Via Hand Delivery<br>[ ] Via U.S. Mail<br>[ ] Via Facsimile<br>[X] Via ECF |

Co-Counsel for Defendant

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington this 7th day of July, 2006.

s/ Kit W. Roth

SE\9084619.1

DEFENDANT AUDIBLE'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AND
DISMISSAL– 14
Case No. 05-00464

DLA Piper Rudnick Gray Cary US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 * Tel: 206.839.4800